**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

UNITED STATES OF AMERICA

v.                                                                  NO. 2:07mj153

DERRICK WAYNE HIGHTOWER, II,

      Defendant.

### ORDER

In accordance with Rule 5.1 of the Federal Rules of Criminal Procedure and the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a preliminary and detention hearing on March 6, 2007.  For the reasons set forth below, the Court FINDS that there is probable cause to believe that the defendant committed the charged offenses and that his detention is warranted.

On March 1, 2007, Defendant was charged by criminal complaint with conspiracy to interfere with commerce by threats of violence while committing robbery, in violation of 18 U.S.C. § 1951; and using or possessing firearms in furtherance of and during and in relation to crimes of violence, in violation of 18 U.S.C. § 924(c)(1).  The Court FINDS that this charge, by its nature,"involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," and thus is a "crime of violence" for detention purposes under 18 U.S.C. § 3142(f)(1)(A), which provides the basis for the Government's motion to detain Defendant.  See 18 U.S.C. § 3156(a)(4)(B) (defining "crime of violence").  The Court

notes that this charge does not, however, give rise to a rebuttable presumption of detention. See 18 U.S.C. § 3142(e).

At the hearing, the defendant waived his preliminary hearing. A defendant may waive his preliminary hearing. See Fed. R. Civ. P. 5.1(a)(1). The defendant also stipulated probable cause.

The Court, having taken into consideration the proffers of counsel, eleven (11) exhibits offered by the Government, the Pretrial Services Report, and the indictment returned by the grand jury, FINDS by clear and convincing evidence that Defendant is a danger to the community. The Court further FINDS that there is no condition or combination of conditions that will reasonably assure the safety of the community.

The Court considered the nature and seriousness of the charges faced by Defendant. The grand jury has indicted Defendant on serious felony charges which could result in Defendant's incarceration, if convicted on evidence beyond a reasonable doubt at trial, for a significant period of time. One of the charges, conspiracy to interfere with commerce by threats of violence while committing robbery, carries a maximum sentence of twenty (20) years.

The Court FINDS that the weight of the evidence against Defendant is strong. Defendant has confessed to participating in the robbery that led to his indictment on the instant charges and his co-conspirators have incriminated him as well.

As to Defendant's personal history and characteristics, the Court notes that the Pretrial Services Report indicates that the defendant has no criminal record.  However, the defendant has charges pending against him in the Portsmouth Circuit Court for aggravated malicious wounding, use or display of a firearm in the commission of felony, discharged a firearm in or at an occupied building, and destruction of property.  The Court observes that these pending charges involve a firearm which was used in the robbery giving rise to the instant charges in this Court.

The Court also notes that the defendant purchased the firearm involved in the instant offense from an individual and then conspired with another individual, who was involved with the defendant in the robbery leading to the instant charges, to fire at an individual with whom they had a dispute, causing an innocent bystander to be wounded.

With respect to the issue of detention, the Court FINDS that the defendant should be detained pending trial.  The Court therefore ORDERS the defendant DETAINED pending trial.  See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS the defendant be

committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for the defendant.

Entered on March 13, 2007                    _____

                                                    /s/
                                             F. Bradford Stillman
                                             United States Magistrate Judge